IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DAINGEAN TECHNOLOGIES LTD. | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 2:23-CV-00347-JRG-RSP |
| v. | § § | |
| T-MOBILE USA, INC. | § § | JURY TRIAL DEMANDED |
| *Defendant*. | § § | |
| ERICSSON INC. and NOKIA OF AMERICA CORPORATION | § § § § | |
| *Intervenors.* | § § | |

**PLAINTIFF DAINGEAN TECHNOLOGIES LTD.'S OMNIBUS ADDITIONAL
MOTIONS *IN LIMINE***

TABLE OF CONTENTS

1. Evidence, testimony, or argument as to entities and other litigations or patent assertions related to Atlantic IP or Gerald Padian. .................................................................................. 1

2. Evidence, testimony, or argument referring to any patent owned by Defendants/Intervenors, or claim charts thereto, including the number of 5G patents owned by Defendants/Intervenors and the total number of 5G patents, unless the specific patent or claim chart is relied upon by a damages expert as a technically comparable patent for purposes of relying on a license as comparable. ......................................................................................................................... 6

3. Evidence, testimony or argument that the '803 Patent is essential to any standard, including the 5G Standard. ................................................................................................................. 10

4. Evidence, testimony or argument regarding Defendants' license defenses addressed by the Court's summary judgment rulings. ..................................................................................... 10

5. Evidence, testimony, or argument regarding or suggesting that Daingean was legally obligated to provide pre-suit notice, but Defendants may introduce evidence, testimony, or argument regarding the date of first notice of infringement. Nothing in this *limine* is intended to address the issue of marking under 35 U.S.C. § 287 and both parties reserve their rights as to that issue. ..................................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Arigna Tech. Ltd. v. Nissan Motor Company, Ltd.*,
   Case No. 2:22-cv-00126-JRG-RSP, Dkt. No. 323 (E.D. Tex. October 24, 2022) ..................... 2

*Barkan Wireless IP Holdings L.P., v. T-Mobile US, Inc. et al*,
   Case No. 2:21-cv-34-JRG-RSP, Dkt. No. 227 (E.D. Tex. Dec. 16, 2021) ................................. 8

*Bio-Tech. Gen. Corp. v. Genentech, Inc.*,
   80 F.3d 1553 (Fed. Cir. 1996) ................................................................................................ 6

*Cameco Indus. v. La. Cane Mfg.*,
   1995 U.S. Dist. LEXIS 11294 (E.D. La. July 27, 1995) ........................................................ 7

*Commonwealth Sci. and Indus. Research Org. v. Cisco Sys., Inc.*,
   809 F.3d 1295 (Fed. Cir. 2015) .............................................................................................. 8

*Glaros v. H.H. Robertson Co.*,
   797 F.2d 1564 (Fed. Cir. 1986) .............................................................................................. 6

*Kaist IP US LLC v. Samsung Electronics Co., Ltd., et al.*,
   Case No. 2:16-cv-1314-JRG-RSP, Dkt. No. 416 (E.D. Tex. May 3, 2018) ............................. 8

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
   Case No. 2:22-cv-00322-JRG-RSP, Dkt. No. 509 (E.D. Tex. May 9, 2024) .................. 2, 7, 12

*Simple Air, Inc. v. Google Inc. et al*,
   Case No. 2:11-cv-416-JRG, Dkt. No. 571 (E.D. Tex. Jan. 8, 2014) ........................................ 8

*Solas OLED Ltd. v. Samsung Elecs. Co. Ltd.*,
   Case No. 2:21-cv-105-JRG-RSP, Dkt. No. 308 (E.D. Tex. May 24, 2022) ............................. 7

*Wireless Alliance, LLC v. AT&T Mobility LLC*,
   Case No. 2:23-CV-0095-RWS-RSP, Dkt. No. 251 (E.D. Tex. Oct. 28, 2024) ....................... 10

**Statutes**

35 U.S.C. § 287 ............................................................................................................................ 12

██████████████████████████████████████

Daingean moves the Court *in limine* to preclude T-Mobile, Ericsson, and Nokia, their attorneys, and witnesses from directly or indirectly offering any arguments, testimony, or evidence concerning the matters set forth below, unless and until such matters are first called to the Court's attention—out of the presence of the jury—and a favorable ruling is received as to their admissibility.

1. **Evidence, testimony, or argument as to entities and other litigations or patent assertions related to Atlantic IP or Gerald Padian.**

Daingean moves under Rules 401, 402 and 403 to preclude introduction of any evidence, testimony, or argument as to entities and other litigations or patent assertions related to Atlantic IP Services Ltd., Atlantic IP Services LLC (collectively, "Atlantic IP") or Gerald Padian. Daingean does not seek to preclude evidence regarding (i) ███████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ██; (ii) the facts and circumstances by which Daingean became the owner of the '803 Patent, i.e., ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████; or (iii) the identification of ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████ But aside from those topics, Daingean seeks to exclude evidence, testimony, and argument regarding Atlantic IP and any other Irish entity supported by Atlantic IP or with which Mr. Padian is involved, including other litigations involving those entities, their business models and ownership structures, the number of patents owned by those entities, and their investors, ████████████████████████████████████████.

1

The Court has granted similar motions *in limine* in prior litigations involving entities relating to Mr. Padian. For example, in *Lionra Techs. Ltd. v. Fortinet, Inc.*, the Court granted Lionra's motion *in limine* as to companies and other litigation related to Mr. Padian, but did not bar questions as to Mr. Padian regarding ▇▇▇▇▇▇ *Lionra Techs. Ltd. v. Fortinet, Inc.*, Case No. 2:22-cv-00322-JRG-RSP, Dkt. No. 509 at 1 (Plaintiff's MIL No. 1) (E.D. Tex. May 9, 2024). In *Arigna Tech. Ltd. v. Nissan Motor Company, Ltd.*, the Court granted Arigna's motions *in limine* as to any reference to Arigna's investors, disparaging descriptions of Arigna's business model, and references to other litigations brought by the parties, their investors, or related entities. *Arigna Tech. Ltd. v. Nissan Motor Company, Ltd.*, Case No. 2:22-cv-00126-JRG-RSP, Dkt. No. 323 at 2 (Plaintiff's MIL Nos. 1 & 2) (E.D. Tex. October 24, 2022).

Daingean asks for relief consistent with the Court's prior rulings in *Lionra* and *Arigna*, as Defendants' recent filings reflect their intent to confuse the jury and prejudice Daingean by referring to Daingean, Atlantic IP, and other Irish entities supported by Atlantic IP, which they pejoratively refer to as a ▇▇▇▇▇▇



stating:

▇▇▇▇▇▇

Dkt. No. 108 at 1. In another filing, Defendants described Daingean as ▇▇▇▇▇▇

2

███████████████████████████████████████████

████████████████████████████████████████ Dkt. No. 118 at 2. During his deposition, Defendants questioned Mr. Padian extensively about ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

Ex. 1 (Padian Dep. Tr. 39:21-41:18). ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████

    Defendants' recently-disclosed deposition designations further confirm their intent to introduce evidence about the ████████████████████████████████████████████

████████████████████████████████. For example, Defendants' deposition designations for Atlantic IP's Chief Financial Officer, Ellen Barresi, relate to the structure of Atlantic IP Services, LLC, and Atlantic IP Services, Limited, and how those entities relate to Daingean and other Irish entities they support (Ex. 2, Barresi Dep. Tr. 12:10-23, 13:6-16, 24:13-25:1, 34:24-35:14); ████████ ████████████████████████████████████ (*id.*, Tr. 15:14-25); ████████████████ ████████████ (*id.*, Tr. 72:15-73:11, 109:22-112:22); ████████████████ ████████████████████████████ (*id.*, Tr. 15:17:-17:5); ████████████ (*id.*, Tr. 92:9-19); and distribution of licensing income (*id.*, Tr. 70:5-12, 115:3-18).

    Defendants' deposition designations for Atlantic IP's VP of Finance, Daniel Feighery, similarly relate to the creation and ownership of various Irish entities supported by Atlantic IP (Ex. 3, Feighery Dep. Tr. 19:14-22, 89:4-10); ████████████████████████████ ████████████████████████ (*id.*, Tr. 32:22-33:8); ████████████████████████ (*id.*, Tr.

3

██████████████████████████████████████████

30:5-31:23, 141:21-142:19); and ████████████████████████

██ (*id.*, Tr. 19:14-22, 89:4-14, 112:25-113:25).

Defendants' deposition designations for Atlantic IP's Chief Operating Officer, Ciaran O'Gara, follow this same pattern, with testimony relating to the corporate structure of the Atlantic IP entities and Mr. Padian's role in those entities (Ex. 4, O'Gara Dep. Tr. 15:8-9, 15:19-22, 17:23-18:22, 20:19-21:16, 22:6-22, 23:1-6); day-to-day operations and boards of directors of the Irish entities supported by Atlantic IP (*id.*, Tr. 23:21-24:5, 24:10-25:11, 36:24-38:12); ████████████ ██████████████████████████ (*id.*, Tr. 22:6-17, 22:20-22, 23:1-6, 23:21-24:5, 24:10-25:11); ████████████████████████████████ (*id.*, Tr. 31:12-32:8, 64:17-65:23); ████████████████ (*id.*, Tr. 36:24-38:12); and ████ ██████████████████████ (*id.*, Tr. 111:21-112:18).

Defendants' deposition designations for ████████████████████████ include testimony regarding ████████████████████████████████████████ (Ex. 5, Prusko Dep. Tr. 12:2-13:20, 15:10-19:7, 22:13-25, 23:15-24:7, 24:21-25, 27:24-28:21, 29:14-21, 35:23-38:22; 42:1-43:18, 46:15-47:14, 51:12-17); ████████████████████████ ██████████████████████████████████████ (*id.*, Tr. 39:21-40:1, 40:20-41:24, 52:20-53:6, 56:5-58:4, 58:21-59:2, 65:5-66:13, 73:24-75:23, 76:3-9, 86:12-88:8, 91:22-25, 92:10-93:24, 107:19-108:5, 112:14-113:3); the corporate structure of and relationship between Arigna and Atlantic IP (*id.*, Tr. 77:22-25, 78:8-11, 78:24-17); ████████████ ████ (*id.*, Tr. 89:1-4, 90:10-91:2); and Daingean's relationship with Atlantic IP and Arigna (*id.*, Tr. 96:23-98:11).

4

███████████████████████████████████████████████

Lastly, Defendants' deposition designations for Atlantic IP's Chief Technology Officer, Colm O'Riordan, include testimony regarding the number of patents acquired by Atlantic IP or the Irish entities supported by Atlantic IP and their value. Ex. 6, O'Riordan Dep. Tr. 21:9-23:1.

The Court's Standing MIL Order No. 13 precludes the parties from introducing evidence, testimony, or argument regarding **either party's** other litigations or arbitrations. Applying the reasoning and concerns of juror confusion and undue prejudice underlying Standing MIL Order No. 13, the Court should preclude the parties from introducing evidence, testimony, and argument concerning the litigation history of other entities to which Atlantic IP and Mr. Padian are related, as well as the structure, relationship, and finances of those other entities, to the extent those entities are unrelated to Daingean or the '803 Patent.

The Court's Standing MIL Order No. 11 precludes the parties from introducing evidence, testimony, or argument referring to any other person or entity in disparaging ways. If neither party may create the impression that the other is a "shell company," "playing the lawsuit lottery," a "shakedown artist," or a "patent assertion entity," then Defendants should likewise be precluded from referring to Daingean as ████████████████████████████████████████ ███████

During the meet-and-confer process, Defendants' principal objection to the *limine* was the scope of the carve-out relating to ████████████████████████. Specifically, Defendants sought to ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ ████████████ *See* Ex. 7 (2/14/2025 Cameron Email). Yet, Defendants' damages expert, Ms. Bennis, ████████████████████████████████████████████████████████—to criticize the

5



opinions of Mr. Dell, Daingean's damages expert,[1] and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[2] *See* Ex. 9, Bennis Reb. Rpt., ¶¶335-337; Ex. 10, Bennis Op. Rpt., ¶¶51-57. Simply put, Defendants should not be permitted to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ especially where, as here, the material terms are necessary to have an objective understanding of the agreement.

> 2. **Evidence, testimony, or argument referring to any patent owned by Defendants/Intervenors, or claim charts thereto, including the number of 5G patents owned by Defendants/Intervenors and the total number of 5G patents, unless the specific patent or claim chart is relied upon by a damages expert as a technically comparable patent for purposes of relying on a license as comparable.**

Defendants and Intervenors should not be permitted to reference any of their own patents or any claim charts thereto. It is black-letter law that "[t]he existence of one's own patent does not constitute a defense to infringement of someone else's patent." *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996). And permitting Defendants and Intervenors to reference their patents and claim charts "would [] inject[] frolics and detours and would [] require[] introduction of counterevidence, all likely to create side issues that would [] unduly distract[] the jury from the main issues." *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1572-73 (Fed. Cir. 1986). All Defendants/Intervenors could hope to accomplish by referencing their other patents and

---

[1] Daingean has also challenged this opinion from Ms. Bennis as impermissible patent counting, which is the subject of Daingean's *Daubert* motion against Ms. Bennis. *See* Dkt. No. 178 at 3-4, 10.

[2] Both experts also address ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ under *Georgia-Pacific* Factor # 1 ("royalties received by the patentee for the licensing of the patent-in-suit"), yet neither relies upon it to determine the appliable royalty rate. *See* Ex. 8, Dell Op. Rpt., ¶¶152-159; Ex. 9, Bennis Reb. Rpt. ¶¶124-132.

claim charts is to distract from the real issue to be tried: whether Defendants' accused products infringe the asserted patent.

Yet, Defendants plan to introduce at least 31 Ericsson patents at trial. DX67 (patent compilation). Further, Defendants plan to show the jury claim charts mapping those Ericsson patents to the 5G standards—even going so far as to present a "Rule 1006 Summary of Ericsson 5G Claim Charts Relevant to Cellular Infrastructure." DX68 (5G claim charts); DX66 (FRE 1006 Summary).[3] One obvious inference that Defendants/Intervenors hope the jury will draw from this evidence is that, because Defendants/Intervenors have their own 5G patents, they cannot infringe Daingean's asserted patent. That is improper and will just distract the jury. *See Cameco Indus. v. La. Cane Mfg.*, 1995 U.S. Dist. LEXIS 11294, at *16 (E.D. La. July 27, 1995) ("admission of [defendant's] patent or patent application . . . is likely to give the jury the false impression that a patent on the accused machine means that it is substantially different from the machine claimed in plaintiff's patent . . . [and] would be only distracting and confusing to the jury, while providing little, if any, relevant information.").

Courts in this District have repeatedly entered orders to this effect. *See, e.g.*, *Lionra Techs. Ltd. v. Fortinet, Inc.*, Case No. 2:22-cv-322-JRG-RSP, Dkt. No. 509 at 2 (Plaintiff's MIL No. 3) (E.D. Tex. May 7, 2024) (granting motion to exclude "technical details of defendants' patents, including how they relate to the Accused Products); *Solas OLED Ltd. v. Samsung Elecs. Co. Ltd.*, Case No. 2:21-cv-105-JRG-RSP, Dkt. No. 308 at 1-2 (Plaintiff's MIL No. 1) (E.D. Tex. May 24, 2022) (granting in part motion to "exclude evidence and argument based on [defendants']

---

[3] This 31-document patent complication (DX67) and 31-document claim chart compilation (DX68) should also be excluded because they violate the Court's Standing Order prohibiting such multi-document compilations: "Parties are not permitted to compile multiple documents and present them to the Court as a single 'exhibit.'"

7

patents"); *Barkan Wireless IP Holdings L.P., v. T-Mobile US, Inc. et al*, Case No. 2:21-cv-34-JRG-RSP, Dkt. No. 227 at 8 (Plaintiff's MIL No. 8) (E.D. Tex. Dec. 16, 2021) (granting in part "Motion to exclude Defendants' patents" by excluding "any argument that ownership of a patent is a defense to infringement"); *Kaist IP US LLC v. Samsung Electronics Co., Ltd., et al.*, Case No. 2:16-cv-1314-JRG-RSP, Dkt. No. 416 at 2 (Plaintiff's MIL No. 8) (E.D. Tex. May 3, 2018) (granting MIL seeking to exclude evidence or argument "[t]hat the Accused Instrumentalities practice other patents"); *Simple Air, Inc. v. Google Inc. et al*, Case No. 2:11-cv-416-JRG, Dkt. No. 571 at 5 (Plaintiff's MIL No. 6) (E.D. Tex. Jan. 8, 2014) (granting MIL to exclude "evidence or argument by [Defendant] that its accused instrumentalities practice the claims of any of [Defendant's] own patents").

In response, Defendants will likely argue the Ericsson 5G patents are relevant to damages issues. Defendants' expert, Ms. Bennis, opines that damages should be ████████████ ████████████████████████████████████████ and Ericsson alone ████ ████████████████████████████████████████████████████████████████████████████ ████████████████████ Ex. 9, Bennis Reb. Rpt., ¶327. So, in her view, Daingean's damages are ████████████████████████████████████████████████████. *Id.* ¶330.

However, this is just the sort of royalty stacking argument that the Federal Circuit has found unreliable. *Commonwealth Sci. and Indus. Research Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015) ("abstract recitations of royalty stacking theory, and qualitative testimony that an invention is valuable—without being anchored to a quantitative market valuation—are insufficiently reliable."). Ms. Bennis's analysis is unreliable because it improperly assumes that the Nokia, Ericsson, and estimated number of essential patents are equally valuable and also happen to be worth enough to make Mr. Dell's royalty "untenable." Ms. Bennis never considers

8

whether T-Mobile actually practices all of the estimated number of essential patents. Ex. 11, Bennis Dep. Tr. 148:21-24, 146:14-21, 147:22-148:20, 158:23-160:6. Nor does she account for the fact that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.*, Tr. 151:19-24, 151:24-152:11, 143:11-154:10, 148:25-149:16, 149:23-151:7. Instead, she simply ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 9, Bennis Reb. Rpt., ¶¶327-328; *see also* Ex. 11, Bennis Dep. Tr. 157:3-158:1. A reliable methodology would try to value the royalty for each patent based on its own contribution and would premise any determination that Mr. Dell's valuation would lead to an uneconomical burden on a determination of what percentage of the patents were in fact practiced and unlicensed by T-Mobile.

Daingean filed a motion to strike this testimony from Ms. Bennis. Dkt. No. 178. Defendants should not be permitted to side-step a positive ruling on that motion by having other witnesses use the same evidence to offer similar royalty stacking opinions. Defendants should not be permitted to reference a specific patent or claim chart unless it is relied upon by a damages expert as a technically comparable patent.

Because Defendants/Intervenors' patents are not relevant to any issue to be tried and can therefore serve only an improper purpose, the Court should enter an order barring any evidence, argument, or testimony regarding such patents.[4]

---

[4] To be sure, Daingean agrees that Defendants may introduce the general fact that they have patents. This motion seeks, *inter alia*, to preclude Defendants from introducing technical details of those patents, discussing how those patents relate to or cover any part of their respective accused products, or using those patents to advance a general royalty stacking framework.

### 3. **Evidence, testimony or argument that the '803 Patent is essential to any standard, including the 5G Standard.**

Defendants should be precluded from offering any evidence, testimony, or argument regarding the essentiality of the '803 Patent. "In this case it is Defendants' burden to prove essentiality, should they choose to do so, because they are the only party in any way asserting that the patents are essential." *Wireless Alliance, LLC v. AT&T Mobility LLC*, No. 2:23-CV-0095-RWS-RSP, Dkt. No. 251 at 3 (E.D. Tex. Oct. 28, 2024). But Defendants' expert reports contain no opinions whatsoever regarding the essentiality of the '803 Patent. Moreover, ███████ ████████████████████████████████████████████████████████████████ *See* Ex. 12, Caldwell Dep. Tr. 86:15-87:9; Ex. 13, Jan. 16, 2025 Singh Dep. Tr. 120:20-121:7. Because they lack any proper evidence, Defendants should not be allowed to offer any evidence, testimony, or argument regarding the essentiality of the '803 Patent.

### 4. **Evidence, testimony or argument regarding Defendants' license defenses addressed by the Court's summary judgment rulings.**

Defendants assert a license defense based on two theories that are subject to pending motions for summary judgment.[5] ***First***, they argue ████████████████████████████ ████████████████████████████████████████████████████████████████ ***Second***, they argue ████████████████████████████████████████████ ████████████████████████████ On January 24, 2025, the parties filed competing motions for summary judgment ████████████████████. *See* Dkt. Nos. 181 (Daingean's MSJ) & 187 (Nokia's MSJ). On January 31, 2025, the parties filed competing motions for summary judgment ████████████████████████. *See* Dkt. Nos. 199 (Defendants' MSJ) & 201 (Daingean's MSJ). On February 13, 2025, the parties filed a Joint Motion to Withdraw Dkt. Nos. 199 and 201

---

[5] Defendants also assert a license defense ████████████████████, but that defense is not subject to this proposed *limine*.

10

and replace them with modified versions. *See* Dkt. No. 227 (attaching Defendants' modified MSJ at Dkt. No. 227-1 and Daingean's replacement MSJ as Dkt. No. 227-3).

The Court will ultimately determine whether Defendants have a valid license defense as a matter of law when it rules on the parties' competing motions for summary judgment ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Nonetheless, out of an abundance of caution, Daingean moves to preclude Defendants from introducing evidence, testimony, or argument that are inconsistent with the Court's rulings on Defendants' license defenses because Defendants have listed ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ on their Trial Exhibit List:

| License | Bates No. | DX No. |
|---|---|---|
| ▬▬▬▬▬▬▬▬▬▬ | NOKIA_00060057 | DX0022 |
| ▬▬▬▬▬▬ | DAINGEAN_00010924 | DX0016 |
| ▬▬▬▬ | DAINGEAN_00010955 | DX0017 |
| ▬▬▬▬ | DAINGEAN_00010893 | DX0015 |
| ▬▬▬ | DAINGEAN_00022157 | DX0070 |
| ▬▬▬▬▬ | DAINGEAN_00021809 | DX0014 |
| ▬▬▬ | DAINGEAN_00022245 | DX0072 |
| ▬▬▬▬ | DAINGEAN_00021759 | DX0002 |

If the Court determines that Defendants do not have a valid license defense under these agreements, then the referenced agreements are irrelevant to any issues that the jury will decide. Conversely, allowing Defendants to present this evidence at trial will confuse the jury and prejudice Daingean.

Daingean has valid concerns regarding Defendants' intent to use ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ at trial, even if the Court determines Defendants do not have a valid license defense. That is because Defendants' damages expert, Ms. Bennis, has offered opinions regarding ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ in her expert reports. Ex. 10, Bennis Op. Rpt. ¶¶ 33-34, 36-38, 39-50, 58-68, 69, 71-73; Ex. 9, Bennis Reb. Rpt. ¶¶ 52, 65-77, 100-111, 266-273, 324, 334. But Defendants' experts have not offered any comparability analysis regarding ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, nor

11

does any expert rely on those agreements for purposes of the hypothetical negotiation. Defendants also have not shown how those agreements are relevant, apart from their license defenses. Therefore, in the event the Court finds as a matter of law that Defendants do not have a valid license defense based on ███████████████████████████████████████████, the agreements should be excluded, in their entirety, as they are not relevant to any jury issues.

> **5.   Evidence, testimony, or argument regarding or suggesting that Daingean was legally obligated to provide pre-suit notice, but Defendants may introduce evidence, testimony, or argument regarding the date of first notice of infringement. Nothing in this *limine* is intended to address the issue of marking under 35 U.S.C. § 287 and both parties reserve their rights as to that issue.**

The Court should not permit any evidence, testimony, or argument regarding whether Daingean was legally obligated to provide pre-suit notice to Defendants of their infringement of the '803 Patent. To be clear, the *limine* that Daingean seeks here would not bar Defendants' ability to show that the lawsuit was their first notice of infringement.

This Court recently granted an identical *limine* in *Lionra Techs. Ltd. v. Fortinet, Inc.*, Case No. 2:22-cv-00322-JRG-RSP, Dkt. No. 509 at 2 (E.D. Tex. May 7, 2024) (ruling that Plaintiff's MIL No. 2, "Evidence, Testimony, or Argument Regarding Pre-suit Notice," "is GRANTED to the extent Defendants may not suggest Plaintiff was legally obligated to provide pre-suit notice, but does not bar Defendants' ability to show that the lawsuit was their first notice of infringement").

Here, Defendants' counsel have specifically asked Daingean's witnesses why Daingean did not reach out to the Defendants prior to filing suit to provide notice. *See, e.g.*, Ex. 1, Padian Dep. Tr. 18:2-19:19 ███████████████; *id.*, Tr. 19:21-23 ███████████████████████████████ Ex. 4, O'Gara Dep. Tr. 51:1-18 ███████████████████████████████████████; *id.*, Tr. 51:19-20 ████████

12

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *id.*, Tr. 51:22-24 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Pointing out that Daingean did not first notify Defendants before filing this lawsuit serves only to unfairly prejudice Daingean because it incorrectly suggests that Daingean ***should*** have given notice prior to filing suit. Moreover, were the issue to be permitted, Daingean would have little ability to meaningfully respond, without further delving into irrelevant issues about why a patent owner might not provide notice, such as the risks of declaratory judgment filings and IPRs, the unlikelihood that pre-suit notice would lead to reasonable negotiations, or other similar responses—all of which would be solely to respond to Defendants' pre-suit notice discussion, and none of which bears on the issues the jury needs to decide.

Simply put, whether Daingean provided pre-suit notice to any of the Defendants is not relevant to any issue to be decided at trial. Allowing Defendants to inject that issue into the case would risk unfair prejudice and confusion. As such, Daingean seeks a *limine* barring any evidence or argument related to whether Daingean was legally obligated to provide pre-suit notice to Defendants of their infringement of the '803 Patent, with the clarification that such *limine* would not bar Defendants' ability to show that the lawsuit was their first notice of infringement.

13

| | |
|---|---|
| Dated: February 17, 2025 | Respectfully submitted, |
| | /s/ Amir H. Alavi |
| | Amir H. Alavi |
| | Texas Bar No. 00793239 |
| | aalavi@aatriallaw.com |
| | Demetrios Anaipakos |
| | Texas Bar No. 00793258 |
| | danaipakos@aatriallaw.com |
| | Michael McBride |
| | Texas Bar No. 24065700 |
| | mmcbride@aatriallaw.com |
| | Scott W. Clark |
| | Texas Bar No. 24007003 |
| | sclark@aatriallaw.com |
| | Connie Flores Jones |
| | Texas Bar No. 00793736 |
| | cfloresjones@aatriallaw.com |
| | Masood Anjom |
| | Texas Bar No. 24055107 |
| | manjom@aatriallaw.com |
| | C. Ryan Pinckney |
| | Texas Bar No. 24067819 |
| | rpinckney@aatriallaw.com |
| | Justin Y. Chen |
| | Texas Bar No. 24074024 |
| | jchen@aatriallaw.com |
| | ALAVI & ANAIPAKOS PLLC |
| | 609 Main Street, Suite 3200 |
| | Houston, Texas 77002 |
| | Telephone: (713) 751-2362 |
| | Facsimile: (713) 751-2341 |
| | |
| | R. Allan Bullwinkel |
| | Texas Bar No. 24064327 |
| | abullwinkel@hpcllp.com |
| | Michael F. Heim |
| | Texas Bar No. 09380923 |
| | mheim@hpcllp.com |
| | Eric J. Enger |
| | Texas Bar No. 24045833 |
| | eenger@hpcllp.com |
| | Blaine A. Larson |
| | Texas Bar No. 24083360 |
| | blarson@hpcllp.com |
| | Alden G. Harris |

14

Texas Bar No. 24083138
aharris@hpcllp.com
Michael B. Dunbar
Texas Bar No. 24125213
mdunbar@hpcllp.com
HEIM PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile:  (713) 221-2021

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Charles Everingham IV
Texas Bar No. 00787447
chad@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323

*Counsel for Plaintiff Daingean Technologies Ltd.*

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for Daingean has complied with LR CV-7(h) and counsel for Defendants and Intervenors have indicated that the Motion is opposed. Counsel for Daingean conferred with counsel for Defendants and Intervenors, on February 13, 2025 by telephone. The parties were unable to reach an agreement on the issues raised in the Motion and it is therefore opposed. The parties have therefore reached an impasse and request resolution of this dispute by the Court.

/s/ Amir H. Alavi
Amir H. Alavi

15

## **CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 17, 2025, a copy of the foregoing was served electronically through the U.S. District Court, Eastern District of Texas ECF system to all counsel of record who are Filing Users of the Court's Electronic Filing System.

                                              */s/ Amir H. Alavi*
                                              Amir H. Alavi