# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| DAINGEAN TECHNOLOGIES LTD. | § | |
| | § | |
| v. | § | Case No. 2:23-CV-0347-JRG-RSP |
| | § | |
| T-MOBILE USA, INC., ET AL. | § | |

### Pretrial Conference
### MAG. JUDGE ROY PAYNE PRESIDING
### March 4, 2025

**OPEN: 9:04 am**                                                                 **ADJOURN: 4:30 pm**

| | |
|---|---|
| ATTORNEYS FOR PLAINTIFF: | See attached |
| ATTORNEY FOR DEFENDANTS: | See attached |
| LAW CLERK: | Greg Saltz |
| COURT REPORTER: | April Hargett |
| COURTROOM DEPUTY: | Becky Andrews |

Court opened. Case called. Andrea Fair introduced co-counsel and announced ready. Sam Baxter introduced co-counsel and announced ready.

Jury Selection will be April 7, 2025, at 9:00 a.m. before Judge Gilstrap. There are several cases still on the docket and Judge Gilstrap will announce the order of the trials soon. The Court will allow 11 hours of evidence per side. The parties will have 30 minutes per side for voir dire. Eight jurors will be seated. The parties will have four preemptory strikes each side. The parties will have 30 minutes for opening statements and 40 minutes per side for closing arguments.

The Court will be in chambers at 7:30 a.m. each morning. If the parties, after a meet and confer, are unable to resolve a dispute, the Court will be there for that purpose. The parties shall email the law clerk assigned to the case by 10:00 p.m. that night and by 7:00 a.m., the parties are directed to jointly prepare a 3-ring binder to chambers that should include a copy of what is at issue with a short narrative from each side so as to prepare Judge Gilstrap to take those matters up at 7:30 with counsel.

The jury will report at 8:30 daily. Lunch is supplied to the jury, which means the lunch break will be held to 40-45 minutes. Typically, the jury will be excused around 6:00 p.m., depending upon a stopping point with a particular witness.

If there are deposition disputes, the parties shall bring such disputes to the Court's attention the

morning of the day <u>before</u> the day of use.

It is the Court's practice to hold all Rule 50A motions until the close of all evidence. There will be an informal charge conference off the record to look at the state of the proposed jury instructions, usually held at the close of all evidence.

It is the Court's practice to not refer to witnesses and others by their first name alone. This is important to keep the record clear. The Court has a standing order on sealing the courtroom and parts of the transcript. If you are going to request that in this case because of confidential information, read the standing order.

There is a questionnaire for jurors that can be sent out. The Deputy Clerk, Kecia Clendening, can answer any questions. There is also a standing order online about the use of the questionnaires.

The parties will provide 12 juror notebooks by close of business on the Wednesday before jury selection. Each notebook shall contain a sheet with a photo of each witness with the name under the photo and lines for taking notes, a copy of the patent(s), the Court's claim construction chart, any stipulations, a 3-hole punched note pad and a non-clicking pen.

Experts should be held to the four-corners of their reports. The parties are directed to provide both paper and electronic copies of their expert reports before trial.

Pre-admitted exhibits that can be used at trial do not become part of the record until they are used. Each morning the parties will read into the record the exhibits used the previous day.

The Court noted in the Joint Pretrial Order that there is an objection to an expert, David Rossman. Amir Alavi responded. Alex Chern responded for defendants. The Court sustained Plaintiff's objection for the reasons orally assigned.

The Court heard arguments on Plaintiff's Motions in Limine. Mr. Alavi, Blaine Larson and Scott Clark argued for plaintiff. Blake Bailey and Alex Chern responded. The Court made rulings.

The then heard arguments on Defendant T-Mobile's Motions in Limine. Clare Churchman, Mr. Bailey and Warren Lipschitz argued for defendant. Mr. Alavi argued for plaintiff. The Court made rulings.

After the lunch break, Mr. Lipschitz and Mr. Alavi updated the Court on the agreement made to Plaintiff's Motion in Limine No. 1. The parties then continued with Defendant's Motions in Limine. Matt Cameron also argued Defendant's Motions in Limine.

The Court then heard Defendant's objections to Plaintiff's exhibits. Mr. Lipschitz, Mr. Cameron, Mr. Bailey and Ms. Churchman argued for defendant. Allan Bullwinkel and Scott Clark argued for plaintiff. The Court made rulings.

The parties then argued Plaintiff's objections to Defendant's exhibits. Mr. Bullwinkel, Eric

Enger, Mr. Alavi and Mr. Larson for plaintiff.  Mr. Cameron, Mr. Lipschitz for defendant.  The Court made rulings.

Josh Budwin argued Defendants' Motion to Stay Pending Instituted Ex Parte Reexamination of the Only Asserted Claim (Dkt. No. 155).  Mr. Bullwinkel responded.  The Court took the motion under submission.

The Court instructed the parties to exchange their exhibit lists within two weeks and if there are no disputes, docket the lists.  If there are disputes, the Court will hear the disputes at the final pretrial conference.

The final pretrial conference will be held on April 1, 2025, at 9:00 a.m.