IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DAINGEAN TECHNOLOGIES LTD., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> T-MOBILE USA, INC., § <br> § <br> *Defendant*, § <br> § | CIVIL ACTION NO.  2:23-CV-00347-JRG-RSP |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Daingean Technologies Ltd.'s Motion to Exclude Certain of Mr. Carpenter's Opinions Under *Daubert*. **Dkt. No. 179.** Mr. Carpenter issued a rebuttal report responding to the opening reports of Plaintiff's damages expert, Mr. Dell, and one of Plaintiff's technical experts, Dr. Kowalski. *Id.* at 1. For the reasons discussed below, the Court **DENIES** the Motion.

### I.  Legal Standard

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making

Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Analysis

Daingean moves to exclude certain of Mr. Carpenter's opinions. First, on the basis that he finds the method he uses unreliable. Dkt. No. 179 at 3. And second, that his alternative methodology is unreliable. *Id.* at 3–4. According to Daingean, Mr. Carpenter describes Dr. Kowalski's opinions as methodologically unreliable and then applies that same methodology to criticize it and adjust it. Daingean relies on *Genband US LLC v. Metaswitch Networks Corp.*, for the proposition that "if Expert A disagrees with the methodology employed by Expert B, then Expert A is not permitted to apply Expert B's methodology to arrive at conclusions she does not endorse." No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530, at *3 (E.D. Tex. Sept. 30, 2015).

Defendants respond that Mr. Carpenter's opinions are reliable and merely challenge Plaintiff's experts' opinions. Dkt. No. 218 at 4. Instead, Defendants contend, Mr. Carpenter "estimates the effect of *one* of the methodological flaws Mr. Carpenter identifies in Dr. Kowalski's opinions on Dr. Kowalski's ultimate conclusion." *Id.* (emphasis in original).

The Court finds that Daingean's argument is flawed. Daingean's motion fundamentally rests on the premise that an expert cannot criticize another expert's methodology by, for example, showing that it includes inputs that it should not, or by correcting mathematical errors. *See Genband*, 2015 WL 12911530, at *3. *Genband* also focused on defendant's affirmative invalidity testimony, rather than rebuttal testimony as is present here.

Daingean's Motion is **DENIED.**

**SIGNED this 29th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE