IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DAINGEAN TECHNOLOGIES LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>*Defendant*, | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 2:23-CV-00347-JRG-RSP<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Daingean Technologies Ltd.'s Motion to Strike Certain Opinions of Defendants' Expert Dr. van der Weide. **Dkt. No. 183.** For the reasons discussed below, the Court **GRANTS** the Motion **IN PART.**

I. **Legal Standard**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether

particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II. Analysis

### A.

Daingean first moves to exclude Dr. van der Weide's opinions on non-infringement, § 112, and NIAs based on Dr. van der Weide's improper interpretation of claim 12 of the '803 Patent. Dkt. No. 183 at 6. Specifically, Daingean points to the limitation which reads "using a transmission beam that is directed to the mobile subscriber stations." *Id.*

In deciding Defendants' summary judgment motion, the Court has construed this claim limitation. Dkt. No. 389 at 7–10, 12. The Court rejected Defendants' position as put forth by Dr. van der Weide. *Id.* at 10. The Court thus **STRIKES** any of Dr. van der Weide's opinions that contradict the Court's claim construction.

### B.

Next, Daingean moves to strike Dr. van de Weide's opinions that rely on Daingean's interpretation of the claim, which Dr. van de Weide disagrees with. Dkt. No. 183 at 10. This argument is also based on the "a transmission beam" language cited above.

As discussed above, the Court has addressed the construction of this limitation in resolving Defendants' summary judgment motion. Dkt. No. 389 at 7–10, 12. To the extent Dr. van de Weide's opinions are consistent with the Court's constructions, he may offer opinions based on those constructions at trial, but he may not opine that he disagrees with those constructions.

### C.

Next, Daingean moves to strike Dr. van der Weide's opinions about the "each mobile subscriber station" limitation as being impermissible claim construction opinions. Dkt. No. 183 at 12.

The Court also previously addressed this claim construction issue and rejected Dr. van der Weide's position. Dkt. No. 389 at 10–11, 12. Thus, the Court **STRIKES** any of Dr. van der Weide's opinions that contradict the Court's claim constructions.

## D.

Next, Daingean again raises the issue of Dr. van der Weide providing opinions based on a claim interpretation that he disagrees with. Dkt. No. 183 at 14.

These opinions relate to a license defense based on Apple products and a claim construction issue, both of which the Court addressed. Dkt. No. 389 at 10–11 ("As discussed above, the Court rejects Defendants' construction that equates 'each' with 'every.' The Court agrees that what remains is a classic battle of the experts."). The Court **STRIKES** any of Dr. van der Weide's opinions that contradict the Court's construction, but does not exclude opinions that are consistent with the construction.

## E.

Finally, Daingean moves to strike Dr. van der Weide's opinions on exhaustion for being untimely. Dkt. No. 183 at 14. Daingean argues that Defendants have the burden of proof on exhaustion and thus any opinions on that topic should have been in Dr. van der Weide's opening report. *Id.*

Defendants respond that Dr. van der Weide's exhaustion opinions are directly in response to Plaintiff's expert, Dr. Feuerstein's, theories. Dkt. No. 242 at 14. Defendants contend that prior to the service of Dr. Feuerstein's report they did not know the specific contours of Plaintiff's infringement theory, particularly when it came to base stations versus mobile subscriber stations. *Id.* at 15.

The Court finds that Defendants' disclosure of its exhaustion theory in its rebuttal report is untimely because Defendants bear the burden on that issue. Defendants' arguments about the uncertainty surrounding Plaintiff's infringement theory are unavailing. Dr. van der Weide could have opined based on an exhaustion theory that only required base stations or that required base stations and mobile stations. By opining on this issue for the first time in his rebuttal report, Dr van der Weide prejudiced Plaintiff by precluding it from providing any response to this opinion. To cure this prejudice, the Court **STRIKES** Paragraphs 395–401 of Dr, van der Weide's Rebuttal Report.

**SIGNED this 30th day of June, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE