IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DAINGEAN TECHNOLOGIES LTD., <br> *Plaintiff*, <br><br> v. <br><br> T-MOBILE USA, INC., <br> *Defendant*, | § <br> § <br> § <br> § <br> §   CIVIL ACTION NO. 2:23-CV-00347-JRG-RSP <br> § <br> § <br> § <br> § <br> § <br> § |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion to Strike #2: *Daubert* Motion to Exclude Expert Opinions of Dr. Kowalski Related to Technical Benefit of the '803 Patent. **Dkt. No. 189.** Dr. Kowalski was "asked to determine and quantify the benefit of implementations that use Claim 12 of the '803 Patent compared to implementations that do not use Claim 12." Dkt. No. 189-3 at ¶ 56. For the reasons discussed below, the Court **DENIES** the Motion.

### I.  Legal Standard

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making

Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II. Analysis

### A. Excluded Products

Defendants seek to exclude some of Dr. Kowalski's opinions because he does not exclude from his technical benefits opinion devices or combinations that Daingean does not accuse, for example Apple products (which are licensed). Dkt. No. 189 at 3–4. Defendants seek a categorical exclusion of any opinion that does not exclusively rely on infringing products.

Plaintiff responds that its damages expert, Mr. Dell, adjusts his damages analysis to exclude licensed and unaccused products. Dkt. No. 216 at 3. Plaintiff contends that each expert does not need to apportion, so long as the final damages analysis properly apportions. *Id.*

The Court agrees with Plaintiff. The Court finds that after using Dr. Kowalski's inputs Mr. Dell takes steps to apportion out licensed and unaccused products. The Court thus declines to strike Dr. Kowalski's opinions on this basis.

### B. Limits on SRS Allocation

Next, Defendants seek to exclude Dr. Kowalski's opinions because he fails to account for limits on SRS allocation. Dkt. No. 189 at 5. According to Defendants, Dr. Kowalski "assume[s] that the Ericsson and Nokia base station have an unlimited ability to receive SRS signals," but in fact they do not. *Id.*

Daingean responds that Dr. Kowalski assumes no such thing and instead his opinion is based upon a typical allocation of SRS resources in a 5G network. Dkt. No. 216 at 10; *see, e.g.*, Dkt. No. 216-3 at ¶ 103.

The Court does not find this to be a proper basis to strike. Defendants are raising a fact issue and calling it a reliability issue. Any disagreements Defendants have with this portion of Dr.

3

Kowalski's analysis must be addressed through cross-examination and the presentation of contrary evidence.

### C.    Interference Sensing

Next, Defendants contest Dr. Kowalski's opinions regarding interference sensing because they contend interference sensing has not been implemented on the T-Mobile network. Dkt. No. 189 at 7.

The Court previously denied Defendants' motion for summary judgment regarding the interference sensing feature and found that a fact issue remained as to whether that functionality is implemented by T-Mobile. Dkt. No. 384. Thus, opinions on interference sensing should not be stricken from Dr. Kowalski's report.

### D.    Methodology A

Next, Defendants seek to strike Dr. Kowalski's analysis under what he calls "Methodology A," because certain sources are allegedly not tied to the accused products or the patented invention. Dkt. No. 189 at 7. Specifically, Defendants take issue with his use of an ITU Report, the 3GPP 5G simulations, and a 2011 research paper. Defendants critique each for not being exactly the same as the accused products in this case.

Plaintiff responds that Dr. Kowalski uses these sources to "help the jury better understand the benefit of the '803 patent and the ensure that this benefits analysis is conservative." Dkt. No. 216 at 12.

The Court finds Defendants' arguments unpersuasive. Defendants do not show that these are not sources that an expert in the field would rely upon to understand the benefits of the patent. Industry publications, reports, and scientific papers provide the background knowledge that

explains the potential benefits of the patent. Any perceived differences from the background materials can be highlighted through cross-examination and Defendants' evidence.

### E.     Methodology B

Next, Defendants move to exclude opinions relating to Dr. Kowalski's "Methodology B." Dkt. No. 189 at 12. Here, Defendants contend that Dr. Kowalski fails to apportion out non-infringing methods for mitigating pilot contamination. *Id.* at 12–13. Defendants also contend that the Ericsson simulation that Dr. Kowalski relies upon is unrelated to T-Mobile's network and is unrelated to the patented technology. *Id.* at 13–14. Finally, Defendants contend that the field tests that Dr. Kowalski relies upon either do not show infringement or do not demonstrate the benefit of the patent. *Id.* at 15.

Daingean responds that Dr. Kowalski's analysis relies on a highly regarded research paper and Defendants' own internal documents, making it reliable. Dkt. No. 216 at 4. Daingean further contends that his analysis is specifically tied to the facts of the case by addressing the problem the '803 patent was solving and the issues carriers encounter with their networks. *Id.* at 5. Additionally, Plaintiff argues that Defendants' arguments go to the weight not admissibility of the evidence.

The Court declines to strike here. Dr. Kowalski sufficiently uses his expertise to tie the background art to the patent and to the accused features in this case. Defendants have not shown a basis for further relief.

### III.    Conclusion

The Motion is **DENIED.**

**SIGNED this 30th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE