IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DAINGEAN TECHNOLOGIES LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO.  2:23-CV-00347-JRG-RSP |
| | § | |
| T-MOBILE USA, INC., | § | |
| | § | |
| *Defendant*, | § | |
| | § | |
| ERICSSON INC. *and* NOKIA OF | § | |
| AMERICA CORPORATION, | § | |
| | § | |
| *Intervenors*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion Regarding Its Bill of Costs (the "Motion") filed by Plaintiff Daingean Technologies Ltd. ("Plaintiff").  (Dkt. No. 482).  In the Motion, Plaintiff moves for entry of a Bill of Costs in the amount of $85,137.21 under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.  (*Id*. at 5).  Defendant T-Mobile USA, Inc. ("T-Mobile") and Intervenors Ericsson Inc. ("Ericsson") and Nokia of America Corporation ("Nokia") (collectively, "Defendants") oppose the Motion.  (Dkt. No. 483).  Having considered the Motion, and for the reasons set forth herein, the Court finds that the Motion should be **GRANTED-AS-MODIFIED**.

## I.    BACKGROUND

A jury trial commenced in this case on July 7, 2025.  (Dkt. No. 454).  During the trial, Plaintiffs alleged that T-Mobile infringed claim 12 of U.S. Patent No. 8,576,803 through its use of Ericsson's and Nokia's base stations.  (*See* Dkt. No. 431, at 1).  On July 11, 2025, the jury returned a unanimous verdict finding both for and against Plaintiff.  (Dkt. No. 462, at 10).  Specifically, the jury found that T-Mobile infringed claim 12 through its use of Ericsson's base stations but not

Nokia's. (*Id*. at 4). The jury then awarded Plaintiff $2 million in damages for that infringement. (*Id*. at 9). That amount pales in comparison to Plaintiff's largest damages ask ($245.2 million). (Dkt. No. 483, at 1).

Following the verdict, the Court entered its Final Judgment. (Dkt. No. 481). The Final Judgment provides that "[Plaintiff] is the prevailing party in this case and shall recover its costs from T-Mobile." (*Id*. at 2). The Final Judgment also directed Plaintiff to file its proposed Bill of Costs. (*Id*.). Plaintiff has done so. (Dkt. No. 482-4).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees— should be allowed to the prevailing party" unless "a federal statute, these rules, or a court order provides otherwise." FED. R. CIV. PRO. 54(d)(1). Rule 54(d) affords courts discretion in awarding costs to prevailing parties. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). In turn, 28 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d) to include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; and
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see also CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1325 (Fed. Cir. 2013).  A district court is permitted to decline to award costs listed in the statute but may not award costs omitted from the statute.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987).

Upon determining the "prevailing party" within the meaning of Rule 54(d)(1), courts must then determine how much, if any, costs should be awarded to the prevailing party.  *Marx v. General Revenue Corp.*, 568 U.S. 371, 375 (2013).  The issue of costs raises a procedural issue not unique to patent law and is therefore governed by regional circuit law.  *In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1364 (Fed. Cir. 2011).  The U.S. Court of Appeals for the Fifth Circuit has noted that a district court "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so."  *Pacheco v. Mineta*, 448 F.3d 783, 793–94 (5th Cir. 2006).  Indeed, there is a "strong presumption" that the prevailing party will be awarded costs, and a denial is "in the nature of a penalty."  *Id*. (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).  However, the party seeking to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred.  *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991)

## III.    ANALYSIS

Plaintiff's itemization and calculation of costs are undisputed.  (Dkt. No. 482, at 1; *see also* Dkt. No. 483).  Defendant also concedes that Plaintiff is a prevailing party under Rule 54(d).  (Dkt. No. 483, at 5 ("at least one party prevailed on each side")).  Instead, this dispute turns on whether the Court should exercise its discretion to award Plaintiff costs or not.  Plaintiff has raised two reasons why the Court should award costs: (1) Nokia is not a prevailing party; and (2) Plaintiff's

limited success has no bearing on the Court's decision to award costs.  (*See* Dkt. No. 482).  The Court addresses each reason in turn.

### (a) Whether Nokia is a "prevailing party?"

First, Plaintiff asserts that Nokia is not a "prevailing party" and, consequentially, Plaintiff is entitled to costs.  (Dkt. No. 482, at 3).  Plaintiff notes that the Court has already found Plaintiff to be the prevailing party, asserting that "there may be only one."  (*Id*. at 2–4 (citing *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010)).

Defendants disagree.  Defendants assert that there may only be one prevailing party between a given plaintiff and a given defendant.  (Dkt. No. 483, at 6 (citing *Shum*, 629 F.3d at 1367–68)).  Under that logic, Defendants assert that Nokia is also a prevailing party because its position "actually prevail[ed]" over Plaintiff and Nokia "substantially contributed to the resolution" of this case.  (*Id*. (citation omitted)).

Plaintiff has the better reading of *Shum*.  In that case, the U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit") held that "Rule 54 unambiguously limits the number of prevailing parties in a given case to one," even if the case has a "mixed judgment."  *Shum*, 629 F.3d at 1367.  The Court is bound by that decision, and there may be only one (1) prevailing party in this case.

Further, that prevailing party is Plaintiff, not Nokia.  This Court has found and Defendants do not contest that Plaintiff prevailed.  (Dkt. No. 481, at 2; Dkt. No. 483, at 5 ("at least one party prevailed on each side")).  However, "[i]t is well established that the district court enjoys discretion in determining ***who*** shall bear the costs of litigation" under Rule 54(d).  *Breeland v. Hide-A-Way Lake, Inc.*, 585 F.2d 716, 722 (5th Cir. 1978) (emphasis added).  Here, Nokia is not the prevailing party, but it is not a "losing party" either.  Wright & Miller § 2668.  Indeed, the jury returned a

verdict finding that T-Mobile's use of Nokia's base stations did not infringe claim 12. (Dkt. No. 462, at 4). Under these facts, the Court finds it appropriate to exempt Nokia from paying costs in this case.

Accordingly, the Court finds that Plaintiff is the sole prevailing party in this case and, consequentially, shall recover costs—other than attorney's fees—from T-Mobile and Ericsson, but not Nokia.

**(b) Whether the Court should exercise its discretion to award costs?**

Next, Plaintiff argues that the Court should exercise its discretion to award Plaintiff costs. (Dkt. No. 482 at 3). Plaintiff asserts that that there is "strong presumption" that the prevailing party will be awarded costs and any denial of costs is "in the nature of a penalty." (*Id*. at 3–4 (quotations omitted)). Further, Plaintiff argues that there is no reason for the Court to deny it costs. (*Id*. at 4). Plaintiff contends that the jury's finding of noninfringement with respect to Nokia's base stations is not a sufficient basis to deny it costs. (*Id*. at 5). Plaintiff argues that a prevailing party is not required to prevail on all claims. (*Id*.). Next, Plaintiff asserts that the jury's award of only $2 million is an insufficient basis to reduce costs. It goes on to note that its asserted costs represent only 4.25% of the $2 million lump sum damages award. (*Id*.).

Defendants disagree and assert that "[Plaintiff] should recover no costs because of its limited success." (Dkt. No. 483, at 7). As support, Defendants note that Plaintiff recovered only $2 million, or about 0.8% of its largest damages ask. (*Id*. at 8). Alternatively, Defendants contend that the Court should reduce Plaintiff's proposed cost ($85,137.21) by 99.2% to reflect its trial success. (*Id*.). According to Defendants, Plaintiff is only barely a prevailing party. (*Id*.).

The Court agrees with Plaintiff. "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006).

5

The Court finds no authority directing that only proportional costs (based on an actual award compared to a maximum damages ask—or otherwise) be awarded. While the district court has discretion in awarding costs under Rule 54(d)(1), the court must "articulat[e] some good reason" before denying or reducing a prevailing party's request for costs. *Id*. Those good reasons include: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id*. (citation omitted); *see also Clouse v. Southern Methodist University*, No. 24-10860, 2026 WL 731344, at *2 (5th Cir. Mar. 16, 2026) (citing *Pacheco*, 448 F.3d at 794). None are present here. The Court therefore declines to withhold or reduce its award of costs.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that the Motion should be and hereby is **GRANTED-AS-MODIFIED**. Accordingly, the Court **DIRECTS** the Clerk of Court to **ENTER** Plaintiff's Bill of Costs (Dkt. No. 482-4) in the amount of $85,137.21. However, T-Mobile and Ericsson shall be solely responsible for paying the costs to Plaintiff jointly and severally. Nokia shall not be responsible for paying such costs.

So ORDERED and SIGNED this 26th day of March, 2026.

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE